IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GEORGIANA J. ALLEN**, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> **A.R.E.B.A.-CASRIEL, INC.**, **STEPHEN YOHAY**, and **WARREN ZYSMAN**, <br><br> Defendants. | **Docket No.: 1:17-cv-764** <br><br> **COLLECTIVE/CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff GEORGIANA J. ALLEN, individually and on behalf of all others similarly situated, by and through her attorneys the JTB LAW GROUP, LLC, as and for her Complaint against Defendants A.R.E.B.A.-CASRIEL, INC., STEPHEN YOHAY, and WARREN ZYSMAN, alleges of her own knowledge as to her own conduct and as to occurrences in which she was involved, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendants to recover unpaid regular wages, unpaid overtime wages, liquidated damages, costs, and reasonable attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and accompanying regulations.

2. Plaintiff also brings this action, individually and on behalf of all others similarly situated, against Defendants to recover unpaid regular wages, unpaid overtime wages, liquidated damages, costs, prejudgment interest, and reasonable attorneys' fees under the New York Wage

1

and Hour Law, including N.Y. Labor Law ("NYLL") §§ 160 *et seq.*, §§ 190 *et seq.*, and §§ 650 *et seq.*, and accompanying regulations.

3. This case arises out of the persistent and willful failure by Defendants to properly compensate Plaintiff and the members of the Prospective Collective and Class for all hours worked, including payment at their regular rate(s) for all hours worked up to forty in a week, and payment for overtime hours at a rate not less than one and one-half (1.5) times their regular rate(s).

4. Specifically, Defendants:

   a. permitted and/or required Plaintiff and other similarly situated employees to work before and after their scheduled workdays without compensation; and

   b. permitted and/or required Plaintiff and other similarly situated employees to work through their unpaid meal breaks without proper compensation.

5. Upon information and belief, for at least six years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the above-referenced federal and state statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought under the FLSA, a federal statute.

7. As to claims under New York State Law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because all of the acts and omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

# **THE PARTIES**

*Plaintiff*

9.     Plaintiff Georgiana J. Allen is currently a resident of Sainte Lucie County, State of Florida. At all times relevant herein, she was a resident of New York County, State of New York.

10.     Ms. Allen was employed by Defendants from February 8, 1996 to April 9, 2016 at Defendants' residential-care facility located at 500 West 57th Street, New York, New York, 10019.[1] From approximately June of 2002 until her termination, Ms. Allen worked for Defendants as a Certified Alcoholism and Substance Abuse Counselor ("CASAC").

11.     Ms. Allen brings the claims herein on her own behalf and as a representative party of a prospective collective of similarly situated individuals. Her written consent to participate in this action, pursuant to 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

*Defendants*

12.     Defendant A.R.E.B.A.-Casriel, Inc., ("ACI") is a domestic for-profit corporation created and operating under the laws of the State of New York, with a registered office at 500 West 57th Street, Suite 1323, New York, New York, 10019.

13.     According to its website, ACI is "the nation's oldest private substance abuse treatment facility," offering both residential and out-patient substance abuse treatment programs. *See* **Exhibit B**.[2]

14.     ACI is an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)(2)(A) and (s)(1)(B), and is thereby covered by the provisions of the FLSA.

---

[1] Plaintiff was out on disability leave from April 8, 2015 until April 9, 2016.
[2] Exhibit B is a true and correct copy of ACI's "About ACI" webpage, http://www.acirehab.org/about, last accessed February 1, 2017.

15.     For all times relevant herein, Defendant Stephen Yohay has been the President and principal shareholder of ACI. *See* **Exhibit C**.[3]

16.     For all times relevant herein, Defendant Warren Zysman has been the Chief Executive Officer of ACI. *See id.*

17.     On information and belief, for all times relevant herein, Defendant Zysman possessed operational control over, possessed an ownership interest in, and/or controlled significant business functions of Defendant ACI.

18.     For all times relevant herein, Defendants were associated and joint employers, acted in the interest of each other with respect to employees, paid employees by the same methods, and shared control over the employees.

19.     For all times relevant herein, Defendants jointly employed Plaintiff and all similarly situated individuals, and were their employers within the meaning of the FLSA and the NYLL.

20.     In the alternative, Defendants together constituted a single employer of Plaintiff and all similarly situated individuals.

21.     During the times of Plaintiff's employment, Defendant ACI:

   a. determined Plaintiff's work schedules;

   b. determined Plaintiff's compensation;

   c. supervised Plaintiff; and

   d. maintained records pertaining to Plaintiff's employment.

22.     During the time of Plaintiffs' employment, Defendants Yohay and Zysman exercised and/or delegated the authority to:

---

[3] Exhibit C is a true and correct copy of ACI's "our team" webpage, http://www.acirehab.org/about/our-team, last accessed February 1, 2017.

> a. determine Plaintiff's work schedules;
>
> b. determine Plaintiff's compensation;
>
> c. supervise Plaintiff; and
>
> d. maintain records pertaining to Plaintiff's employment.

**RELEVANT LEGAL FRAMEWORK**

23. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

24. Both the FLSA and the NYLL require covered employers:

> a. to pay covered employees at least minimum wage for all time worked, *see* 29 U.S.C. § 206, NYLL §§ 650 *et seq.*; and
>
> b. to pay covered employees an overtime premium of one and one-half (1½) times their regular rate of pay for all time worked in excess of forty (40) hours in a workweek, *see* 29 U.S.C. § 207(a)(1), NYLL §§ 190 *et seq.*

25. In addition, federal and state laws and regulations make clear that a covered employee's mealtimes are to be counted and paid as hours worked unless the employee is "completely relieved from duty for the purposes of eating regular meals." 29 CFR § 785.91(a); *see also* NYLL § 162.

**ALLEGATIONS
PERTAINING TO PLAINTIFF'S INDIVIDUAL CLAIMS**

26. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

27. At all times relevant herein, Plaintiff's duties and responsibilities were typical of those of non-exempt employees under the FLSA and the NYLL.

28. Plaintiff was regularly scheduled to work from 7:30 a.m. until 4:00 p.m., Sunday through Thursday, with a one-hour unpaid meal break each day, comprising a workweek of 37½ hours.

29. However, at all times relevant herein, Plaintiff was required and/or permitted by Defendants to work, and frequently did work, more than 37½ hours in a workweek without being paid at all for those additional hours.

30. In fact, Plaintiff frequently worked more than 40 hours in a workweek, but was not always properly compensated for those overtime hours under either federal or state law.

31. Plaintiff often arrived at work at least 15 minutes in advance of her scheduled start time, and would on occasion stay as much as 1½ hours past her scheduled stop time, in order to keep up with her workload.

32. Plaintiff would also frequently work through either part or all of her unpaid meal break.

33. Defendants used a biometric reader as part of their security system, and personnel were required to place a hand on the reader to enter and to exit. On information and belief, this system created records that Defendants then used to calculate employees' hours for payroll purposes. Thus, Defendants knew or had reason to know when Plaintiff came in early or stayed late.

34. Plaintiff's supervisors were also aware when she would come in early or stay late, and in particular they were aware when Plaintiff would work through part or all of her unpaid meal break – something the biometric security system would have no way of registering.

35. Defendants would pay Plaintiff for hours in excess of her scheduled 37½ hour workweek *only* when those hours were pre-approved.

36. However, Defendants would not pay Plaintiff *at all* for such hours that were not pre-approved; instead, they would erase those hours from the records.

37. Plaintiff was not able to submit the time she worked during her meal breaks; thus, Defendants never paid her at all for that time, nor was that time counted as part of her regular work time so that she would be eligible sooner in the week for overtime pay.

38. On information and belief, Defendants followed this same policy and practice with all of their hourly employees.

39. Sometime in late 2014, employees were told that they were not allowed to come in early or stay late without prior permission.

40. However, such permission was rarely granted, and this meant that, for Plaintiff as for other hourly employees, there was even more pressure not to fall behind in their work.

41. For Plaintiff, this meant that she would work through her meal break even more frequently than she had before this policy was put in place.

42. Because of the time she worked before and after her scheduled shift and the time she worked through meal breaks, Plaintiff typically worked more than forty hours in a week.

43. For example, during the pay period from September 13 through September 26, 2014, Plaintiff's payroll record shows that she was paid 75 hours of "Time Entry Wages" – 37½ hours for each of the two weeks in that pay period.

44. However, on information and belief, Plaintiff worked at least 87 hours during that pay period, or approximately 43½ hours per week in the period.

45. Plaintiff was not paid at all for the hours she worked in excess of her scheduled 37½ hour workweek during that period, and also was not paid an overtime premium for the part of those hours that exceeded 40 in a workweek.

## FACTUAL ALLEGATIONS
## PERTAINING TO THE COLLECTIVE AND CLASS CLAIMS

46. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

47. At all times relevant herein, Defendants employed other CASACs, in addition to Plaintiff Allen, whose duties and responsibilities were typical of those of non-exempt employees under the FLSA and/or NYLL.

48. At all times relevant herein, Defendants have had a common policy of requiring or permitting Plaintiff and their other CASACs to work before and after their scheduled workdays, to work through all or part of their scheduled meal breaks, and to work more than 40 hours per week, and of failing to compensate Plaintiff and their other CASACs appropriately for that time.

49. At all relevant times, Plaintiff and other CASACs employed by Defendants are and have been similarly situated, in that they are and have been victims of Defendants' common policy of requiring or permitting them to work before and after their scheduled workdays, to work through all or part of their scheduled meal breaks, and to work more than 40 hours per week, and of failing to compensate Plaintiff and their other CASACs appropriately for that time.

50. Plaintiff Allen brings this collective action individually and on behalf of all other similarly situated CASACs who were/are affected by Defendants' willful and intentional violation of the FLSA and the NYLL as described in this Complaint.

51. Plaintiff proposes an FLSA Collective, defined as follows:

> **All former and current Certified Alcoholism and Substance Abuse Counselors employed by Defendants from three years prior to the filing of this Complaint to the present.**

52. Plaintiff brings her NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the NYLL, on behalf of herself and all other Certified Substance Abuse Counselors employed by Defendants who were not paid overtime pay for all hours worked in excess of forty each week.

53. Plaintiff proposes a Rule 23 Class defined as follows:

**All former and current Certified Alcoholism and Substance Abuse Counselors employed by Defendants from six years prior to the filing of this Complaint to the present.**

54. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. The Proposed Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that at least forty Class members have worked for Defendants during the applicable statutory period without receiving appropriate compensation, as required by the NYLL.

56. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, namely whether Defendants are liable for failure to pay Plaintiff and other members of the Proposed Class appropriately for all hours worked.

57. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all Class members, Plaintiff was damaged by Defendants' common policy of failing to pay proper compensation for all hours worked.

58. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

59. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, significant savings would accrue to both the Court and the Class in litigating the common issues on a classwide instead of on a repetitive individual basis;

   b. Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   c. No unusual difficulties are likely to be encountered in the management of this Class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

60. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

61. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NYLL claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the class and providing any monetary relief to them can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
### (FLSA Violations – Individual)

62. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

63. Defendants frequently required or permitted Plaintiff to work both before and after her scheduled workday.

64. Plaintiff frequently worked both before and after her scheduled workday.

65. Defendants also frequently required or permitted Plaintiff to work through her unpaid meal break.

66. Plaintiff frequently worked through her unpaid meal break.

67. Defendants frequently required or permitted Plaintiff to work more than forty hours per week.

68. Plaintiff frequently worked more than forty hours per week.

69. Defendants failed to pay Plaintiff for all the time that she worked, including both regular and overtime hours.

70. Defendants' policies and practices were willful, intentional, unreasonable, arbitrary and in bad faith.

71. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. As a result of Defendants' policies and practices described above, Plaintiff was illegally deprived of regular and overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NYLL Violations – Individual)

73. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

74. Defendants frequently required or permitted Plaintiff to work both before and after her scheduled workday.

75. Plaintiff frequently worked both before and after her scheduled workday.

76. Defendants also frequently required or permitted Plaintiff to work through her unpaid meal break.

77. Plaintiff frequently worked through her unpaid meal break.

78. Defendants frequently required or permitted Plaintiff to work more than forty hours per week.

79. Plaintiff frequently worked more than forty hours per week.

80. Defendants failed to pay Plaintiff for all the time that she worked, including both regular and overtime hours.

81. Defendants' policies and practices were willful, intentional, unreasonable, arbitrary and in bad faith.

82. Because Defendants willfully violated the New York statutes and regulations governing the payment of wages, a six-year statute of limitations applies, pursuant to NYLL §§ 198, 663.

83. As a result of Defendants' policies and practices described above, Plaintiff was illegally deprived of regular and overtime wages earned in such amounts to be determined at trial, and is entitled to recovery of such unpaid amounts, liquidated damages, prejudgment

interest, costs, reasonable attorneys' fees and other compensation pursuant to NYLL §§ 198, 663.

**THIRD CLAIM FOR RELIEF**
**(FLSA Violations – Collective)**

84. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

85. Defendants frequently required or permitted Plaintiff and other members of the Proposed Collective to work both before and after their scheduled workdays.

86. Plaintiff and other members of the Proposed Collective frequently worked both before and after their scheduled workdays.

87. Defendants also frequently required or permitted Plaintiff and other members of the Proposed Collective to work through their unpaid meal breaks.

88. Plaintiff and other members of the Proposed Collective frequently worked through their unpaid meal breaks.

89. Defendants frequently required or permitted Plaintiff and other members of the Proposed Collective to work more than forty hours per week.

90. Plaintiff and other members of the Proposed Collective frequently worked more than forty hours per week.

91. Defendants failed to pay Plaintiff and other members of the Proposed Collective for all the time that they worked, including both regular and overtime hours.

92. Defendants' policies and practices were willful, intentional, unreasonable, arbitrary and in bad faith.

93. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

94. As a result of Defendants' policies and practices described above, Plaintiff and other members of the Proposed Collective were illegally deprived of regular and overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

## FOURTH CLAIM FOR RELIEF
### (NYLL Violations – Class)

95. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

96. Defendants frequently required or permitted Plaintiff and other members of the Proposed Class to work both before and after their scheduled workdays.

97. Plaintiff and other members of the Proposed Class frequently worked both before and after their scheduled workdays.

98. Defendants also frequently required or permitted Plaintiff and other members of the Proposed Class to work through their unpaid meal breaks.

99. Plaintiff and other members of the Proposed Class frequently worked through their unpaid meal breaks.

100. Defendants frequently required or permitted Plaintiff and other members of the Proposed Class to work more than forty hours per week.

101. Plaintiff and other members of the Proposed Class frequently worked more than forty hours per week.

102. Defendants failed to pay Plaintiff and the members of the Proposed Class for all the time that they worked, including both regular and overtime hours.

103. Defendants' policies and practices were willful, intentional, unreasonable, arbitrary and in bad faith.

104. Because Defendants willfully violated the New York statutes and regulations governing payment of wages, a six-year statute of limitations applies, pursuant to NYLL §§ 198, 663.

105. As a result of Defendants' policies and practices described above, Plaintiff and the members of the Proposed Class were illegally deprived of regular and overtime wages earned in such amounts to be determined at trial, and are entitled to recovery of such unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorneys' fees and other compensation pursuant to NYLL §§ 198, 663.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands declaratory and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations;

B. A declaratory judgment that Defendants' practices alleged herein violate the New York Labor Law, NYLL §§ 160 *et seq.*, 190 *et seq.* and §§ 650 *et seq.*, and attendant regulations;

C. An Order certifying this action as a Collective action; designating the lead Plaintiff, Georgiana J. Allen, as Collective Representative and the undersigned counsel as Collective Counsel; and approving issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. §216(b);

D. An Order certifying this action as a Class action pursuant to Rule 23 of the Fed. R. Civ. P., and designating the undersigned counsel as Class Counsel;

E. An Order directing Defendants, at their own expense, to investigate and account for the total number of hours actually worked by Plaintiff, members of the Collective, and members of the Class;

**F.** Judgment for unpaid regular and overtime wages to which Plaintiff and members of the Collective are lawfully entitled pursuant to the FLSA;

**G.** Judgment for unpaid regular and overtime wages to which Plaintiff and members of the Class are lawfully entitled pursuant to the NYLL;

**H.** Judgment for liquidated damages pursuant to 29 U.S.C. § 216 in an amount equal to all regular wages and overtime compensation owed to Plaintiff and members of the Collective during the applicable statutory period;

**I.** Judgment for liquidated damages pursuant to NYLL §§ 198, 663, in an amount equal to all regular wages and overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

**J.** An Order directing Defendants to pay to the undersigned counsel, as Collective Counsel, reasonable attorneys' fees and all costs connected with this action pursuant to 29 U.S.C. § 216;

**K.** An Order directing Defendants to pay to the undersigned counsel, as Class Counsel, prejudgment interest, reasonable attorneys' fees and all costs connected with this action pursuant to NYLL §§ 198, 663;

**L.** Judgment for any and all civil penalties to which Plaintiff, members of the Collective, and members of the Class may be entitled; and

**M.** Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised in this Complaint.

Dated: February 1, 2017                              Respectfully submitted,

                                                     **JTB LAW GROUP, LLC**

Patrick S. Almonrode (PA0428)
*patalmonrode@jtblawgroup.com*
Jason T. Brown (JB6579)
*jtb@jtblawgroup.com*
155 2nd Street, Suite 4
Jersey City, New Jersey 07302
Tel: (201) 630-0000
Fax: (855) 582-5297

*Attorneys for Plaintiff*