*via ECF*

Hon. Sarah Netburn, U.S.M.J.
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street
New York, NY 10007-1312

May 20, 2017

Re: *Georgiana J. Allen v. A.R.E.B.A.-Casriel, Inc., et al.*, 17-cv-00764-SN

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Your Honor,

The Parties in this action hereby jointly and respectfully request judicial approval of their settlement agreement (the "Agreement"), attached as **Exhibit A** to the undersigned's accompanying declaration ("Almonrode Decl."). The Agreement provides for a payment to Plaintiff of twenty-one thousand dollars ($21,000), including her attorneys' fees and costs. For the reasons set forth below, the Parties submit that the Agreement is fair and reasonable, and that therefore Court approval is warranted.

## BACKGROUND

Plaintiff Georgiana J. Allen filed this action on February 1, 2017, asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the New York Labor Law, N.Y. Labor Law §§ 160 *et seq.*, §§ 190 *et seq.*, and §§ 650 *et seq.* (the "NYLL"), alleging that she was improperly permitted and/or required to work before and after her scheduled workdays without compensation; and that she was permitted and/or required to work through her unpaid meal breaks without proper compensation.[1]

Unbeknownst to Ms. Allen, a former co-worker at A.R.E.B.A.-Casriel had filed a class action in May 2015 in NY Supreme Court, against A.R.E.B.A.-Casriel and one other defendant, alleging essentially the same violations of the NYLL. *See Clemons v. A.C.I. Foundation, Ltd., and AREBA Casriel, Inc.*, Index No: 154573/2015 (N.Y. Sup., N.Y. County) ("*Clemons*"). The complaint in that action is attached as **Exhibit B** to Almonrode Decl.

Plaintiff's counsel was contacted in early March 2017 by counsel for Defendants herein, who informed the undersigned of the existence of the *Clemons* matter, and of the fact that a classwide settlement in that case had been preliminarily approved on March 15. *See* Order Granting Plaintiff's Motion for Preliminary Approval of the Joint Settlement and Release, attached as **Exhibit C** to Almonrode Decl. Under the terms of that Order, notice was to issue to the *Clemons*

---

[1] Ms. Allen brought her claims individually and on behalf of all other similarly situated; however, she has not moved for collective certification and no others have stepped forward to join the suit.

class within 17 days – or by April 1. *See id.* The Parties agreed to extend Defendants' time to answer in the instant matter to give Ms. Allen time to receive that notice and decide whether to accept the *Clemons* settlement, or to opt out and continue the instant action. The Parties filed a stipulation to extend time, which the District Court so-ordered on March 17 (Dkt. #16).

Notice of Settlement was issued to the *Clemons* class, and counsel received Ms. Allen's notice on April 3. The notice is attached as **Exhibit D** to Almonrode Decl. Under its terms, Ms. Allen would receive "approximately $10,236.36." *Id.* Ms. Allen had until April 30 to decide whether to opt out of the settlement. *Id.*

In an effort to provide a basis for that decision, Plaintiff's counsel requested and counsel for Defendants produced payroll and time records for Ms. Allen. After analyzing those records, Plaintiff's counsel calculated her actual damages at approximately $5,918.31 which, when combined with liquidated damages under the NYLL, resulted in a total of $11,836.62. *See* **Exhibit E** to Almonrode Decl.

The Parties then entered into negotiations[2] and eventually arrived at the agreement reflected in **Exhibit A** to Almonrode Decl. On April 28, Ms. Allen notified the *Clemons* claims administrator of her intention to opt out of that settlement. That same day, the Parties notified the District Court in this case by letter that they had settled, and requested two weeks in which to finalize and execute the Agreement. The District Court granted that request on May 1, but left the date for an initial conference in place (Dkt. # 20).

Ms. Allen signed the Agreement on May 11, and Defendants signed on May 16. Pursuant to the Agreement, the Parties are to submit the Agreement, a Stipulation and Proposed Order of Dismissal, and a joint motion for approval. **Exhibt A** to Almonrode Decl. § 12.

On May 11, the Parties consented to Your Honor's jurisdiction, and on May 12 Your Honor directed the Parties to "submit a joint letter regarding the status of the settlement agreement by no later than May 22." (Dkt. # 22). The Parties now respectfully submit this Joint Motion in fulfillment of that directive.

## THE AGREEMENT SHOULD BE APPROVED

The Parties represent to the Court that the Agreement: (1) is fair and equitable to all Parties; (2) reasonably resolves a bona fide dispute between the Parties; (3) is the result of arms-length bargaining between counsel for the Parties; (4) contains monetary consideration for the Plaintiff that is both substantively fair and acceptable to the Plaintiff; and (5), together with the Notice of Dismissal (once filed), discontinues the action. The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims, in exchange for the consideration to be exchanged by the Parties as set forth in the Agreement.

---

[2] The Parties stipulated to another extension of Defendants' time to answer to accommodate those negotiations, which the District Court so-ordered on April 18 (Dkt. # 18).

**The Standard**

"FLSA suits cannot be privately settled. In keeping with [the] FLSA's purpose of ensuring workers 'a fair day's pay for a fair day's work,' a settlement in an FLSA case must be approved either by a court or by the Department of Labor." *Villalva-Estrada v. SXB Rest. Corp*., 14-cv-10011 (AJN), 2016 U.S. Dist. LEXIS 43609, *2-3 (S.D.N.Y. Mar. 20, 2016) (approving individual settlement). "A district court may approve an FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes. In deciding whether to approve the settlement the court must scrutinize the agreement for fairness. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kopera v. Home Depot U.S.A., Inc.*, 09 Civ. 8337 (WHP), 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) (approving individual FLSA settlement) (internal citations and quotation marks omitted; citing and quoting *McMahon v. Olivier Cheng Catering and Events, LLC*. No. 08 Civ. 8713 (PGG), 2010 U.S. Dist. LEXIS 18913, at *15-16 (S.D.N.Y. Mar. 3, 2010)).

In deciding whether to approve an FLSA settlement, "a court should consider the totality of the circumstances." *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

As a number of courts have recognized … the most significant factors include:

(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Conversely, factors which weigh *against* finding a settlement fair and reasonable include:

(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15-CV-2899 (KMK), 2016 U.S. Dist. LEXIS 56126, at *3-5 (S.D.N.Y. Apr. 27, 2016) (approving individual settlement) (citations omitted; citing *Zamora v. One Fifty Fifty Seven Corp*., No. 14-CV-8043, 2016 U.S. Dist. LEXIS 49286, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc*., No. 14-CV-3504, 2015 U.S. Dist. LEXIS 61298, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same)); *see also*, *e.g.*, *Calle v. Elite Specialty Coatings Plus, Inc.*, 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 21, 2014) (approving individual FLSA settlement; setting forth similar factors).

Of course, "[w]hen an FLSA settlement includes an allotment of attorney's fees, the court must also evaluate the reasonableness of the fees. This ensures that the agreement is not influenced by conflicts between the interests of counsel and the plaintiff's interest in obtaining the best possible recovery." *Calle,* 2014 U.S. Dist. LEXIS 164069, at *4. "[T]here is a greater range of reasonableness for approving attorney's fees in an individual action where the parties settled on the fee through negotiation." *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08-CV-4377 (KAM), 2010 U.S. Dist. LEXIS 60985, at *15 (E.D.N.Y. May 17, 2010).[3]

Finally, "there is generally a *strong* presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Boyle*, 2016 U.S. Dist. LEXIS 56126, at *3-5 (internal quotation marks omitted) (emphasis added); quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); citing *Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 U.S. Dist. LEXIS 16366 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 U.S. Dist. LEXIS 151144 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 U.S. Dist. LEXIS 117738 (S.D.N.Y. Aug. 20, 2013) (same)).

**The Agreement is Fair and Reasonable, and Should be Approved**

Although Defendants continue to deny Plaintiff's allegations, both Parties wish to avoid the burden, expense, uncertainty, and delay of a trial, and so acknowledge their shared desire for a prompt settlement. *See Goett v. Vi Jets Int'l, Inc.,* 14cv8256 (MHD), 2015 U.S. Dist. LEXIS 77263 (S.D.N.Y. Apr. 22, 2015) (approving individual settlement "reflecting the legitimate concerns of both sides to avoid time-consuming and potentially expensive litigation burdens, as well as plaintiff's desire to put this matter behind him"); *see also Reyes v. Buddha-Bar NYC,* No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *8 (S.D.N.Y. May 28, 2009) (approving settlement and noting that "the value of an immediate recovery" can outweigh "the mere possibility of further relief" after continued litigation) (class settlement).

No other plaintiffs came forward during the pendency of this matter; thus the settlement resolves only Plaintiff's individual claims, lessening somewhat the burden on the Court to scrutinize the settlement closely. *See Kopera*, 2011 U.S. Dist. LEXIS 71816, at *3 ("[B]ecause the settlement agreement impacts [the individual plaintiff] only … there is not the same level of concern over the procedural and substantive fairness of the agreement as with the settlement of class litigation.").

The Parties respectfully suggest that all of the non-exclusive factors set out by Judge Karas in *Boyle* should incline the Court towards approving the Agreement – or, at the very least, that none of the factors militate *against* approval.

---

[3] Indeed, at least one court has held that "[t]he FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action." *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

### *The Plaintiff's range of possible recovery*

Here, Plaintiff calculated her maximum possible recovery after trial at approximately $11,836.62, exclusive of attorney's fees and expenses. *See* **Exhibit E** to Almonrode Decl. Under the Agreement, Plaintiff will receive $14,000 – $2,163.38 *more than* the estimated maximum possible recovery, and fully $3,763.64 more than she would have received under the *Clemons* settlement. In return for this premium, Defendants receive prompt repose and avoid the burden and expense of any further litigation. The Parties submit that this factor weighs heavily in favor of approval.

### *The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses, and the seriousness of the litigation risks faced by the parties*

Even though no formal discovery was conducted, Defendants produced substantially complete documentation of the hours for which Plaintiff was paid, enabling her counsel to calculate a reasonably precise damage estimate. *See* **Exhibit E** to Almonrode Decl. Thus, the Parties entered into the Agreement at a point where each was able to make a reasonable assessment of the Parties' respective positions, and further litigation, up to and including trial, was therefore expected to be fairly straightforward. That said, any litigation entails significant uncertainty and expense, which the Agreement enables the Parties to avoid.

### *Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and the possibility of fraud and collusion*

As further explained below and in the Almonrode Decl., Plaintiff's counsel are experienced attorneys who specialize in FLSA cases. Mr. Almonrode is admitted to practice in New York State and the Eastern and Southern Districts of New York, and has been counsel of record in more than twenty such matters. Mr. Brown is admitted to practice in several states and has twenty years' experience handling FLSA cases, in federal courts all over the country.

Counsel negotiated the Agreement at arm's length, through several phone conversations and email exchanges, and they affirm that the Agreement is not tainted by fraud or collusion.

Given all of the factors recited above and under "the totality of the circumstances," *Wolinsky*, 900 F. Supp. 2d at 335, the Parties respectfully request Court approval of the award to Plaintiff under the Agreement.

## The Allotment to Plaintiff's Counsel Should Also be Approved

As is typical in FLSA cases, the attorneys' fees requested here "were entirely contingent upon success." *See Damassia v. Duane Reade, Inc.*, 04 Civ. 08819 (GEL); 04 Civ. 02295 (GEL), 2009 U.S. Dist. LEXIS 77489, at *9 (S.D.N.Y. July 27, 2009) (class settlement). Counsel "risked time and effort and advanced costs and expenses, with no ultimate guarantee of [any] compensation" whatsoever. *Id.*

Attorneys' fees may be calculated as a percentage of the overall recovery, or as "the product of a reasonable hourly rate [for each timekeeper] and the reasonable number of hours" expended by that timekeeper on the case – the so-called "lodestar." *Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, at *6-7 (citing *McDaniel v. Cty of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). Here, in keeping with the retainer agreement between Plaintiff and her counsel, the latter were apportioned one-third of the total recovery. Fee arrangements in this range are "routinely approved by courts in this Circuit." *Rangel v. 639 Grand St. Meat & Produce Corp.* 2013 U.S. Dist. LEXIS 134207, at *4 (Sept. 19, 2013) (approving one-third fee arrangement in an individual settlement); *see also Calle*, 2014 U.S. Dist. LEXIS 164069, at *4 (same); *Meigel v. Flowers of the World, NYC, Inc.*, 11 Civ. 465 (KBF), 2012 U.S. Dist. LEXIS 2359 (S.D.N.Y. Jan. 9, 2012) (same).

The percentage method promotes early resolution by giving a plaintiff's lawyer confidence that she will be compensated for her work – and thereby removing an incentive plaintiffs' lawyers might otherwise have to run up their billable hours, "one of the most significant downsides of the [alternative] lodestar method." *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *41-42 (S.D.N.Y. Sept. 16, 2011) (class settlement). The percentage method also preserves judicial resources, "because it relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions" and of having "to engage in a gimlet-eyed review of line-item fee audits." *Id.,* at *43 (citing *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 48-49 (2d Cir. 2000) (class settlement)).

Courts typically compare a percentage award to counsel's lodestar-plus-expenses as a "cross check." *Id.*, at *43-44. Here, that figure is $7,233.27, comprised of $6,620.00 in fees and $613.27 in expenses.[4] *See* **Exhibit F** to Almonrode Decl. That is, the $7,000.00 awarded to Plaintiff's counsel under the Agreement is $233.27 *less* than counsel's lodestar-plus-expenses.

**Patrick S. Almonrode** was the primary timekeeper for Plaintiff's counsel. Mr. Almonrode is an associate at The JTB Law Group, a 2004 *cum laude* graduate of Fordham Law School, and a former clerk to the Hon. Barbara S. Jones, USDJ-SDNY (now in private practice). *See* Almonrode Decl. Mr. Almonrode's time is billed at $350 per hour, which is within the range of reasonable hourly rates for senior associates in this district. *See Siegel v. Bloomberg L.P.*, No. 13 Civ. 1351 (DF), 2016 U.S. Dist. LEXIS 38799 (S.D.N.Y. Mar. 22, 2016) (collecting cases; awarding rate of $350 per hour for associate with thirteen years' experience).

Mr. Almonrode was the lead attorney for day-to-day matters; he was the author of the Complaint; and he negotiated the terms of the Agreement. Plaintiff submits that the 17.5 hours he expended on these various tasks is reasonable.

**Jason T. Brown**, principal of The JTB Law Group, was the second timekeeper on this matter. Mr. Brown obtained his J.D. in 1996 from Rutgers School of Law-Camden. Mr. Brown has 20 years of experience litigating FLSA cases. *See* Almonrode Decl. Mr. Brown's time is billed at $600 per hour for this matter, which is within the range of prevailing rates in this district for partners working on FLSA cases. *See Siegel*, 2016 U.S. Dist. LEXIS 38799 (S.D.N.Y. Mar. 22,

---

[4] Plaintiff's counsel include time and expenses only up until May 16, the last date on which either Party executed the Agreement.

2016) (collecting cases and noting prevailing rates of $450 and above for highly experienced counsel); *Coakley v. Webb*, 14 Civ. 8438 (ER), 2016 U.S. Dist. LEXIS 30780, *17 (S.D.N.Y. Mar. 9, 2016) (hourly rate of $575 reasonable for a solo practitioner with 30 years of experience); *Lora v. J.V. Car Wash, Ltd.*, 11 Civ. 9010 (LLS) (AJP), 2015 U.S. Dist. LEXIS 99444, *20 (S.D.N.Y. July 24, 2015) ("recent decisions in this Circuit approve hourly rates of $500 or more for experienced employment litigators").

Mr. Brown was the final decision-maker for Plaintiff's counsel in this matter. He supervised Mr. Almonrode and kept abreast of all developments in the case. Mr. Brown expended only 0.8 hours on these various tasks, which Plaintiff submits is reasonable.

**Tony Teng** is the final timekeeper on this matter. Mr. Teng is a law clerk at the JTB Law Group, and is billed at $150 per hour. He expended only 0.1 hours on this matter, which Plaintiff submits is reasonable.

The JTB Law Group also advanced $613.27 in expenses, including the filing fee for the complaint, the expenses of service, and minimal online research. Plaintiff submits these expenses are reasonable. The expenses and the lodestar together add up to $7,108.27, or slightly more than $100.00 *more than* counsel are aapportioned under the Agreement.

And of course, by signing the Agreement, Plaintiff approved the allotment to her counsel, a fact that certainly favors a finding of reasonableness. *See Mireku v. Red Visions Sys., Inc.*, 11 Civ. 9671 (RA) (JLC), 2013 U.S. Dist. LEXIS 172102, at *10 (S.D.N.Y. Dec. 6, 2013) (approving fee *slightly larger than plaintiff's portion* of the total recovery, noting that "the fee award here is consensual"); *see also Picerni v. Bilingual Seit & Preschool Inc*., 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) (noting that where, as here, no evidence of conflict or antagonism between plaintiff and attorney, "the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation").

Given these factors, the Parties respectfully request Court approval of the allotment to Plaintiff's counsel.

## **CONCLUSION**

The Parties here negotiated a settlement in the total amount of $21,000. This amount takes into account, in particular, the savings to both Parties by avoiding further litigation. Under their negotiated Agreement, Plaintiff receives $14,000, which is more than her estimated maximum possible recovery after trial and more than she would have received had she accepted the *Clemons* settlement. With Plaintiff's consent, her counsel are apportioned $7,000.00 for their reasonable fees and expenses – a small discount from the fees and expenses actually incurred. For all of the foregoing reasons, the Parties submit that this settlement is equitable and just, and they respectfully request that the Court approve the Agreement.

Respectfully submitted,

JTB LAW GROUP, LLC                    JACKSON LEWIS P.C.
*Attorneys for Plaintiff*                  *Attorneys for Defendants*
155 2nd Avenue, Ste. 4                 58 South Service Road, Ste. 250
Jersey City, NJ  07302                  Melville, New York 11747
(201) 630-0000                            (631) 247-0404

By: */s/ Patrick S. Almonrode*         By: */s/ John J. Porta*
    Patrick S. Almonrode, Esq.             John J. Porta, Esq.


May 22, 2017